# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv69

| | |
|---|---|
| **DARIO BORREGO MEJIA,** )<br>)<br>**Plaintiff,** )<br>)<br>Vs. )<br>)<br>**FEDERAL EXPRESS CORPORATION,** )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on defendant's Motion to Approve Telephonic Attendance of Defendant at Mediation. This court has, in the part, allowed similar motions with the same result, to wit, non-resolution of the case. While defendant is headquartered more than 200 miles from the Asheville Division of this court, the court takes notice that such defendant does substantial daily business in this district, including daily deliveries to this courthouse. While the court would consider allowing telephonic attendance of a member of defendant's senior management, the motion does not specify the name or position of the representative with full authority to settle this case. The court can only assume, based on the volume of business defendant does and the likely number of claims made against it, that such corporate representative is not a member of senior management. For mediation to stand any chance, it is necessary for decision makers to meet in person unless the court is provided with compelling information to the contrary. Finally, the court has considered the expense in travel from Memphis to Asheville, and cannot find that the costs of such travel are disproportionate to the alleged injury. Having

considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Approve Telephonic Attendance of Defendant at Mediation (#20) is **DENIED**.

Signed: October 9, 2007

Dennis L. Howell
United States Magistrate Judge